985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darwin HAMILTON and Mary Hamilton, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-36022.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 9, 1993.
 
 Appeal from the United States District Court District of Montana, No. CV-91-12-CCL; Charles C. Lovell, District Judge, Presiding.
 D.Mont.
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, Appellants Darwin and Mary Hamilton ("Hamiltons") brought suit against the Federal Savings and Loan Insurance Corporation ("FSLIC"), the Federal Home Loan Bank Board ("FHLBB"), and the Federal Deposit Insurance Corporation ("FDIC") ("Government").[1] The Hamiltons allege that they were induced to enter into mortgage agreements through fraudulent misrepresentations made by the Government. The Hamiltons further allege that the Government's conduct constituted a breach of the covenant of good faith and fair dealing ("tort of bad faith").
 
 
 3
 The district court correctly ruled that under 28 U.S.C. § 2680(h) misrepresentation claims against the government do not come within the FTCA.[2] The district court then ruled that the Hamiltons' claims fell within the misrepresentation exception to the FTCA and therefore were barred for lack of subject matter jurisdiction. However, the district court then held:
 
 
 4
 Even if the court had jurisdiction to entertain Plaintiffs' claim for breach of the covenant of good faith and fair dealing, the allegations set forth in the complaint do not set forth the elements required to state a claim for tort relief based on breach of the covenant of good faith and fair dealing. Story v. City of Bozeman, 242 Mont. 436, 791 P.2d 767, 776 (1990).
 
 
 5
 The district court therefore dismissed the Hamiltons' claim against the Government for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Hamiltons appeal. We affirm.
 
 I.
 
 6
 The Hamiltons do not argue that the district court erred in ruling that their misrepresentation claim is barred under 28 U.S.C. § 2680(h). Rather, the Hamiltons take issue with the district court's ruling that they have not set forth the elements required to state a claim for the tort of bad faith. The Hamiltons allege that their claim that the Government breached the covenant of good faith and fair dealing sounds in tort because "the very action which would give rise to the breach of contract also constitute a tort under Montana law." Appellants' Opening Brief at 10. Although the Hamiltons attempt to support this claim with a litany of Montana's legal history regarding the tort of bad faith, they fail to cite Story, 791 P.2d 767--Montana's latest word on the tort of bad faith.[3]
 
 
 7
 Under Story, the claim "breach of the covenant of good faith and fair dealing" generally sounds in contract and will lie in tort only if there is a special relationship. 791 P.2d at 775-76; Accord Winchell v. United States Dep't of Agric., 961 F.2d 1442, 1443-44 (9th Cir.1992). A special relationship exists if all of the following elements are present:
 
 
 8
 (1) The contract must be such that the parties are in inherently unequal bargaining positions; [and] (2) the motivation for entering the contract must be a non-profit motivation, i.e., to secure peace of mind, security, future protection; [and] (3) ordinary contract damages are not adequate because (a) they do not require the party in the superior position to account for its actions, and (b) they do not make the inferior party "whole"; [and] (4) one party is especially vulnerable because of the type of harm it may suffer and of necessity places trust in the other party to perform; and (5) the other party is aware of this vulnerability.
 
 
 9
 Story, 791 P.2d at 776 (citation omitted).
 
 
 10
 Here, no special relationship exists because the Hamiltons had a profit motivation for entering into the mortgage agreements. The Hamiltons entered into the mortgage agreements in the hopes of successfully developing Green Trees, a residential subdivision. Their investment however went sour, and the Hamiltons attribute their losses to the Government's breach of its covenant of good faith and fair dealing. Because the Hamiltons' profit motivation is fatal to their tort claim of breach of good faith and fair dealing, we need not address whether the other elements for such tort claim are present. See Winchell, 961 F.2d at 1444 (the tortious claim of bad faith absolutely founders on the non-profit element); First Sec. Bank & Trust v. VZ Ranch, 807 P.2d 1341, 1345 (Mont.1991) (no special relationship existed because there was a profit motivation, and consequently, there was no tort of bad faith).
 
 
 11
 The Hamiltons have not established that a special relationship existed between them and the Government. Therefore, the Hamiltons' bad faith claim lies in contract rather than in tort.[4] Because there is no tort claim recognizable under the FTCA there is no subject matter jurisdiction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Hamiltons have sued the FDIC because it has assumed responsibility for the functions of the now defunct FSLIC. See Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101-73, 103 Stat. 183, 356-57
 
 
 [2]
 Under 28 U.S.C. § 2680(h), the FTCA does not apply to "[a]ny claim arising out of ... misrepresentation."
 
 
 [3]
 Although Appellants cite Story in their Opening Brief at 6, it was in the context of mentioning why the district court dismissed their action. Although Appellants acknowledge that the district court's decision rested heavily on Story, they nevertheless fail to ever again cite or explicate their way around Story. Rather, Appellants rely on case law pre-dating Story
 
 
 [4]
 In support of their tort claim of good faith and fair dealing, the Hamiltons cite Love v. United States, 915 F.2d 1242 (9th Cir.1989), and LaPlante v. United States, 872 F.2d 881 (9th Cir.), withdrawn, 916 F.2d 1377 (9th Cir.1989). However, these cases are no longer controlling because of a change in Montana law. Winchell v. United States Dep't of Agric., 961 F.2d 1442, 1444 (9th Cir.1992)